UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARTEZ PEARSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1275-AGF |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of filings submitted by Martez Pearson, an inmate at the Eastern Reception, Diagnostic and Correctional Center. Pearson initiated this civil action by submitting a document titled "Petition for Writ of Habeas Corpus," and a document titled "Writ of Trespass VI Et Armis." Pearson neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*, but he did submit a copy of his institution account statement.

In the "Petition for Writ of Habeas Corpus," Pearson avers he is proceeding pursuant to 28 U.S.C. § 2243, and he names the State of Missouri as the respondent. He states he seeks the issuance of a writ of habeas corpus requiring "Julia Childress (Warden, Supervisor Etc…) to bring Petitioner before the Court to test the lawfulness of his arrest, prosecution, detention . . .". (Docket No. 1 at 1). He does not specify the state court case to which the petition is directed. In the "Writ of Trespass VI Et Armis," Pearson appears to attempt to bring a civil rights action against police officers Sean Conners and Jill Gronewald. After filing these documents, Pearson filed two supplements that included copies of motions that were filed in the matter of *State v.*

*Martez Antuan Pearson*, No. 17SL-CR05911-01 (21st Jud. Cir. 2017).[1] In those supplements, Pearson indicated that the motions show how his constitutional rights were violated by police officers Sean Conners and Jill Gronewald.

Pearson cannot prosecute a habeas corpus action and a civil rights action in a single case. In consideration of his *pro se* status, Pearson will be given the opportunity to file an amended pleading to clarify the type of action he wishes to bring. Pearson will be provided with forms relevant to habeas corpus cases, and prisoner civil rights cases. If Pearson wishes to file both a habeas action and a civil rights action, the actions must be filed separately.

Pearson is cautioned that if he files a habeas action, he must clearly specify the state court action he intends to challenge. He must also either pay the statutory filing fee, or file a motion for leave to proceed *in forma pauperis*. Pearson is cautioned that all of his claims must be fully set forth in one single petition. In other words, Pearson may not file additional documents in an attempt to amend or supplement his petition, or otherwise refer the Court to multiple documents in an attempt to set forth his claims, as he has done here. This Court will not pore through multiple filings in an attempt to discern Pearson's claims. Finally, Pearson is cautioned that, before bringing a habeas corpus action in this Court pursuant to 28 U.S.C. § 2254, he must fully exhaust all of his available state remedies.

---

[1] In that case, a jury convicted Pearson on June 26, 2018 of stealing a motor vehicle. On August 17, 2018, he was sentenced to seven years' incarceration. On August 24, 2018, Pearson filed a notice of appeal. As of the date of this Memorandum and Order, that appeal remains pending in the Missouri Court of Appeals for the Eastern District of Missouri. *See State of Missouri v. Martez Pearson*, No. ED107063 (Mo. App. E.D. 2018). On September 5, 2018, Pearson filed a motion for post-conviction relief. As of the date of this Memorandum and Order, that motion remains pending in the motion court. *See Martez Pearson v. State of Missouri*, No. 18SL-CC03324 (21st Jud. Cir. 2018).

The Court also notes that Pearson is presently awaiting trial on a charge of receiving stolen property in the matter of *State v. Martez Antuan Pearson*, No. 18SL-CR00229-01 (21st Jud. Cir. 2018).

If Pearson wishes to file a civil rights action, he must submit a complaint on a court-provided form, and he must also either pay the statutory filing fee, or file a motion for leave to proceed *in forma pauperis*. As noted above, all claims must be included in a single pleading, and Pearson may not file additional documents in an attempt to amend or supplement his claims. In preparing the complaint, Pearson must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires civil plaintiffs to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires civil plaintiffs to state their claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. In the "Caption" section of the complaint form, Pearson should state the first and last name, to the extent he knows it, of each defendant he wishes to sue. He should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2] In the "Statement of Claim" section, Pearson should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Pearson should set forth the specific factual allegations supporting his claim or claims against that defendant. He should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Pearson may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Pearson wishes to sue more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the specific factual allegations supporting his claim or claims against that defendant. Pearson should not name anyone as a defendant unless that person is directly related to his claim. Pearson's failure to

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

make specific and actionable factual allegations against any defendant will result in the dismissal of Pearson's claims against that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Pearson a copy of the Court's 2241 Habeas Corpus Petition Form, and a copy of the Court's Motion to Proceed In Forma Pauperis form for Habeas cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Pearson a copy of the Court's Civil Rights Complaint form for prisoners, along with a copy of the Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that Pearson shall file an amended pleading in this case within thirty (30) days.

**Pearson is cautioned that his failure to timely comply with this Order shall result in the dismissal of this action without prejudice and without further notice.**

Dated this 30th day of October, 2018.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE