# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARTEZ PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-1275-AGF |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Martez Pearson, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $17.81. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $89.05. The Court will therefore assess an initial partial filing fee of $17.81, which is twenty percent of plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

According to Missouri Case.net, in *State v. Martez Antuan Pearson*, No. 17SL-CR05911-01 (21st Jud. Cir. 2017), a jury convicted plaintiff on June 26, 2018 of stealing a motor vehicle.

2

On August 17, 2018, he was sentenced to seven years' incarceration. On August 24, 2018, Pearson filed a notice of appeal. As of the date of this Memorandum and Order, that appeal remains pending in the Missouri Court of Appeals for the Eastern District of Missouri. *See State of Missouri v. Martez Pearson*, No. ED107063 (Mo. App. E.D. 2018). On September 5, 2018, Pearson filed a motion for post-conviction relief. As of the date of this Memorandum and Order, that motion remains pending in the motion court. *See Martez Pearson v. State of Missouri*, No. 18SL-CC03324 (21st Jud. Cir. 2018). In *State v. Martez Antuan Pearson*, No. 18SL-CR00229-01 (21st Jud. Cir. 2018), on November 19, 2018, plaintiff pleaded guilty to receiving stolen property, and was sentenced to two years' incarceration.

Plaintiff initiated the instant civil action on July 30, 2018 by filing documents titled "Petition for Writ of Habeas Corpus" and "Writ of Trespass VI Et Armis," followed by supplemental documents. It appeared that plaintiff intended to simultaneously seek habeas corpus relief, and relief pursuant to 42 U.S.C. § 1983. On October 30, 2018, this Court entered an order noting that plaintiff could not prosecute a habeas corpus action and a civil rights action in a single case, and permitted him the opportunity to file an amended complaint to clarify the type of action he wished to bring. Plaintiff timely filed an amended complaint pursuant to 42 U.S.C. § 1983, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Sean Conners, a sergeant in the Kirkwood Police Department, and Jill Gronewald, a police officer in the Ferguson Police Department. It is not entirely clear whether plaintiff intends to sue the defendants in their official capacities, or in both their official and individual capacities. Liberally construing the

amended complaint, the Court concludes that plaintiff intends to sue the defendants in both their official and individual capacities.

Plaintiff alleges as follows. On July 23, 2017, he was sitting in a car, and Gronewald approached without reasonable suspicion. During a hearing on plaintiff's motion to suppress evidence, Gronewald testified that the car was legally parked, was not reported stolen, and did not have expired registration, and that all she saw was a black male sitting inside. She testified she questioned plaintiff and ultimately had him exit the car, whereupon she seized him and placed him in handcuffs. Plaintiff objected before opening statements, as well as during Groenwald's testimony. Plaintiff alleges that "the state obtained this evidence in violation of [plaintiff's] right to due process of law and right to be free from unreasonable searches and seizures," and that "this error violated [plaintiff's] rights to effective assistance of counsel, a fair and impartial trial by jury, confrontation, due process and equal protection . . ." (Docket No. 11 at 6).

Next, plaintiff alleges that the trial court erred in denying his motion to suppress the identification of him, and in overruling plaintiff's objections during trial regarding admission of the identification. In support, plaintiff alleges that, during a hearing on his motion to suppress identification, Conners testified that he had known of plaintiff for many years, knew he was in custody, saw plaintiff's booking photo and read reports with his name on them, and identified plaintiff only after all of this information was given to him. Plaintiff concludes that Conners's identification of him was unlawful because it was unnecessarily suggested to him, and he alleges the trial court erred in denying his motion to suppress Conners's identification. Plaintiff also alleges that, during trial, he objected to all evidence entered regarding the identification procedure, and he objected to the in-court identification of him. He states he preserved this

4

objection throughout trial. Plaintiff alleges that "the state obtained this evidence in violation of [plaintiff's] right to due process of law and right to be free from unnecessarily suggestive police procedures," and that "this error violated [plaintiff's] constitutional rights to effective assistance of counsel, a fair and impartial trial by jury, confrontation, due process and equal protection . . ." *Id.* at 8.[1]

As relief, plaintiff asks that "all charges be exonerated," and that he be awarded $2 million for his "pain and suffering due to false imprisonment." *Id.* at 9.

## Discussion

Regardless of which of plaintiff's state criminal convictions gave rise to his claims, this case is subject to dismissal because plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). There, the Supreme Court held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Here, the core of plaintiff's claims is that Conners caused an unlawful identification procedure to be used against him, and that Groenwald caused unlawfully obtained evidence to be used against him. He states he should therefore be exonerated of all charges and compensated for false imprisonment. A determination that either defendant engaged in wrongdoing that created excludable evidence that was then used against plaintiff, or even simply that Groenwald

---

[1] In setting forth his allegations against the defendants, plaintiff refers to testimony they gave during a hearing on his motions to suppress identification and evidence, and during trial, and he claims he was denied, *inter alia*, his right to a fair and impartial jury trial. The Court therefore concludes that the allegations in the amended complaint are related to his conviction and sentence in *State v. Martez Antuan Pearson*, No. 17SL-CR05911-01 (21st Jud. Cir. 2017), where he was convicted following a jury trial.

5

approached the car without reasonable suspicion, would necessarily imply the invalidity of plaintiff's conviction and continued imprisonment, and plaintiff has not demonstrated that either of his convictions have been reversed, expunged, or otherwise declared invalid or called into question. *See Heck*, 512 U.S. at 479 (claim that defendants caused unlawful identification procedures to be used against plaintiff at trial were barred until the conviction was reversed or otherwise declared invalid), *Sanders v. Fayetteville City Police Dep't*, 160 F. App'x 542, 543 (8th Cir. 2005) (unpublished per curiam) (plaintiff's claim that his arrest resulted from a racially-motivated stop without reasonable suspicion was *Heck*-barred); *see also Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014) (affirming *Heck* dismissal of due process claims where plaintiff claimed his parole officer made a false report that resulted in his parole revocation), *Rogers v. Adams*, 103 F. App'x 63 (8th Cir. 2004) (unpublished per curiam) (*Heck* barred inmate's claims that police officers falsified police reports and provided false information at a probable cause hearing). In addition, to the extent plaintiff can be understood to assert a claim of false imprisonment, such claim is also *Heck*-barred. *See Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999). Finally, plaintiff neither states he was arrested without a warrant or probable cause, nor alleges sufficient facts to state a claim for false arrest. *See Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (noting the elements of a false arrest claim).

Plaintiff's claims against Groenwald and Conners will therefore be dismissed. The Court notes that this dismissal will be without prejudice, to allow plaintiff to pursue these § 1983 claims in the event his conviction is invalidated in the future. *See Schafer,* 46 F.3d at 45 (dismissal of *Heck*-barred claim modified to be without prejudice). In addition, nothing in this Memorandum and Order shall be construed as prohibiting plaintiff from seeking federal habeas corpus relief at the appropriate time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.81 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of February, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE